**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**KATHRYN CIFELLI,**
 Plaintiff,

                                            **CIVIL ACTION:**

    v.

**SCHOOL DISTRICT OF**                **MEMORANDUM**
**PHILADELPHIA,**
 Defendant.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER**

# I. INTRODUCTION

Plaintiff Kathryn Cifelli seeks narrow emergency relief to preserve her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Plaintiff is a long-tenured educator who, due to a documented disability, requires reassignment to a Head Start position as a reasonable accommodation. Despite clear notice, medical necessity, and even internal acknowledgment of the appropriateness of such reassignment, Defendant has failed to act and is instead proceeding in a manner that will permanently foreclose the requested accommodation.

The relief sought is modest: a temporary order preventing Defendant from filling relevant vacancies pending resolution of Plaintiff's accommodation request. Without such relief, Plaintiff will lose the very accommodation the ADA guarantees.

# II. FACTUAL BACKGROUND

Plaintiff is a 20-year educator employed by Defendant and a qualified individual with a disability. Her treating providers have determined that continued placement in a traditional K–12 classroom exacerbates her trauma- and stress-related disorder. Reassignment to a Head Start setting

mitigates those triggers and allows her to perform the essential functions of her position.

On March 4, 2026, Plaintiff met with Superintendent Dr. Tony Watlington, who expressed support for her reassignment. Despite this, Defendant has failed to provide the requested accommodation or engage in a meaningful interactive process. Instead, Defendant has indicated that Plaintiff must apply through its standard competitive hiring process, thereby requiring her to compete for a position that is sought as a reasonable accommodation.

Plaintiff is currently on approved medical leave through the end of the 2025–2026 school year and intends to return in August 2026 with accommodations in place. Defendant is presently filling, or preparing to fill, relevant Head Start vacancies. If those positions are filled, Plaintiff's ability to obtain reassignment will be extinguished.

## III. LEGAL STANDARD

A temporary restraining order is appropriate where the movant demonstrates: (1) a likelihood of success on the merits; (2) that she will suffer irreparable harm absent relief; (3) that the balance of equities favors relief; and (4) that relief is in the public interest. See, e.g., *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Under Federal Rule of Civil Procedure 65, courts are empowered to issue such relief to preserve the status quo and prevent irreparable harm pending adjudication.

## IV. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

The ADA requires employers to provide reasonable accommodations to qualified individuals with disabilities. 42 U.S.C. § 12112(b)(5)(A). The statute explicitly recognizes "reassignment to a vacant position" as a form of reasonable accommodation. 42 U.S.C. § 12111(9)(B).

The Third Circuit has made clear that reassignment as an accommodation is not satisfied by requiring an employee to compete for the position. In *Shapiro v. Township of Lakewood*, the court held that an employer may be required to place a qualified employee into a vacant position, even where doing so departs from standard hiring practices. 292 F.3d 356 (3d Cir. 2002)

Here, Plaintiff requested reassignment to a vacant Head Start position supported by medical documentation. Defendant had notice of both the disability and the requested accommodation. Rather than engage in the interactive process or provide the accommodation, Defendant imposed a competitive application requirement that undermines the purpose of reassignment under the ADA.

This conduct constitutes both a failure to accommodate and a failure to engage in the interactive process, each independently actionable under the ADA.

## B. Plaintiff Will Suffer Irreparable Harm Absent Immediate Relief

Irreparable harm exists where the injury cannot be adequately remedied by monetary damages. The harm here is the loss of a specific accommodation, reassignment to a vacant position, that cannot be reconstructed after the fact.

If Defendant fills the relevant Head Start vacancies, those positions will no longer be available. Courts routinely recognize that the loss of employment opportunities tied to statutory rights constitutes irreparable harm, particularly where the injury involves denial of accommodation necessary to work. *See*, *e.g.*, *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 726 (3d Cir. 2004) (irreparable harm exists where injury cannot be adequately compensated by damages); *EEOC v. United Parcel Serv., Inc.*, 94 F.3d 314, 318–19 (7th Cir. 1996) (affirming injunctive relief to address ongoing violations of federal anti-discrimination law); *Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014) (denial of services to individuals with disabilities constitutes irreparable harm).

Moreover, Plaintiff's planned return to work in August 2026 is contingent upon appropriate accommodation. Without reassignment, Plaintiff faces the

prospect of being unable to return to work at all, a harm that is immediate and non-compensable.

### C. The Balance of Equities Strongly Favors Plaintiff

The requested relief is narrowly tailored to preserve the status quo. Plaintiff does not seek to displace any employee or compel immediate reassignment at this stage. She seeks only to prevent Defendant from filling relevant vacancies until the Court can adjudicate her rights.

By contrast, the harm to Plaintiff, loss of a medically necessary accommodation, is substantial. The burden on Defendant, temporarily holding positions open, is minimal.

Accordingly, the balance of equities weighs decisively in Plaintiff's favor.

### D. The Public Interest Supports Injunctive Relief

The public interest is served by ensuring compliance with federal anti-discrimination laws. The ADA reflects a strong national commitment to eliminating workplace discrimination against individuals with disabilities and ensuring equal access to employment.

Granting the requested relief advances that interest by preserving Plaintiff's ability to obtain a reasonable accommodation and ensuring that Defendant complies with its statutory obligations.

## V. CONCLUSION

Plaintiff has demonstrated a likelihood of success on the merits, irreparable harm, favorable equities, and alignment with the public interest. The requested relief is narrow, practical, and necessary to preserve the status quo.

For these reasons, Plaintiff respectfully requests that the Court grant her Emergency Motion for Temporary Restraining Order.

RESPECTFULLY SUBMITTED,

_____

Ratliff Jackson, LLP
BY: Kyle Anthony Adams, Esquire
Attorney ID: 332876
kadams@ratliffjackson.com
(267) 401-5252
811 Church Rd, Suite 105
Cherry Hill, NJ 08002